UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CONRAD MURPHY,                    *
                                  *
    Petitioner,             *
                                  *
    v.                      *          Civil Action No. 15-cv-11130-IT
                                  *
STEVEN O'BRIEN,                   *
                                  *
    Respondent.             *

MEMORANDUM & ORDER

July 12, 2017

TALWANI, D.J.

Currently pending before this court is Petitioner Conrad Murphy's writ of habeas corpus petition alleging that his state civil commitment violated his Constitutional rights in several respects. Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody ("Pet.") [#1]. The Magistrate Judge to whom the matter was referred recommended that the Petition be dismissed with prejudice. Report & Recommendation Re: Resp.'s Mem. Law Opp'n Pet. for Habeas Corpus ("R&R") [#59]. Petitioner filed timely objections. Obj. Magistrate J.'s Findings & Recommendations ("Obj. R&R") [#61]. Having considered Petitioner's objections and reviewed the objected-to portions of the Report and Recommendation [#59] de novo, Fed. R. Civ. P. 72(b)(3), the court ADOPTS the recommendation of the Magistrate Judge and provides the following discussion as to the objections raised by Petitioner.

I.    Request for Evidentiary Hearing

Petitioner's objections included no disagreement with the Magistrate Judge's determination that an evidentiary hearing was not warranted. See R&R 3-5 [#59].

II.    Procedural Background & Factual Background

Petitioner's objections included no disagreement with the Magistrate Judge's statements of procedural and factual background. See R&R 5-21 [#59].

III.    Discussion

Petitioner has raised two objections to the Report and Recommendation [#59]. First, he argues that the Massachusetts state courts did not decide on the merits his claim that the conditions attached to his request for expert funds were unconstitutional. Obj. R&R 1-4 [#61]. Second, he asserts that the Magistrate Judge erred in failing to grant a Certificate of Appealability. Id. at 4-5.

A.  *Massachusetts State Courts' Consideration of Petitioner's Claim on the Merits*

A state court is presumed to have adjudicated a federal claim on the merits when that claim "has been presented to a state court and the state court has denied relief," and there is no "indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011). A petitioner may overcome this presumption by a showing that "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100. Merely pointing to a state court's failure to give reasons for its decision is insufficient. Id. at 100 (stating that a state court is not required "to give reasons before its decision can be deemed to have been adjudicated on the merits").

Petitioner asserts that the state courts did not decide on the merits his claim regarding the constitutionality of the conditions attached to his request for expert funds. Obj. R&R 1-4 [#61]. He argues that the Magistrate Judge did not properly take into account the fact that although the state trial court transcripts indicate that he raised an issue regarding the constitutionality of the conditions attached to his request for expert funds, the state courts' resulting decisions did not mention that issue, and therefore did not decide it on the merits. Id.

2

To the extent Petitioner's objection can be construed as an argument that his claim regarding the constitutionality of the conditions attached to his request for expert funds is not procedurally defaulted, the objection is misplaced. The Magistrate Judge concluded that the procedural default doctrine does not apply to that claim.[1] R&R 24-26 [#59].

To the extent Petitioner's objection can be construed as an argument that his claim regarding the constitutionality of the conditions attached to his request for expert funds was not decided on the merits, the Magistrate Judge parsed through the state court record to determine whether the Massachusetts state courts did or did not consider his claim on the merits. For example, the Magistrate Judge pointed to the portion of the Massachusetts Appeals Court decision referencing one facet of Petitioner's federal constitutional claim, and stating that the claim was denied for the reasons set forth in a brief submitted by the Commonwealth of Massachusetts. R&R 28 [#59]. The Magistrate Judge further noted that the portion of the Commonwealth's brief cited by the Massachusetts Appeals Court also referenced Petitioner's federal constitutional claim. Id. Additionally, the Magistrate Judge explained that Petitioner's application for further appellate review ("ALOFAR") to the Massachusetts Supreme Judicial Court "squarely and undeniably in the statement of points subject to review and the body of the brief presented" another facet of his federal constitutional claim, and the mere fact that the Massachusetts Supreme Judicial Court summarily denied Petitioner's ALOFAR is insufficient to rebut the Richter presumption. Id. at 32-33. Moreover, no state court stated that "it was denying the claim for any other reason." Richter, 562 U.S. at 99. Without more, the Magistrate Judge

---

[1] The Magistrate Judge did consider whether Petitioner's ineffective assistance of counsel claim, as presented to the Massachusetts Appeals Court, was procedurally defaulted, but concluded that it was not necessary to decide the issue "because petitioner presents a different federal ineffective assistance of counsel claim to this court." R&R 30 [#59].

correctly concluded that Petitioner has not rebutted the presumption that the Massachusetts state courts decided his claim on the merits.

### B. *Certificate of Appealability*

Petitioner also asserts that the Report and Recommendation [#59] is objectionable for its failure to grant a Certificate of Appealability. But whether to grant a Certificate of Appealability is within the purview of the district court judge. See Rules Governing Section 2254 Cases, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Pursuant to 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." To make the required "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). And in turn, to meet this standard, the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (internal quotations omitted).

The Report and Recommendation [#59] juxtaposes Petitioner's claim squarely within the clearly established Federal law governing Petitioner's claim, and the resulting, robust analysis provides no room for debate among reasonable jurists whether "the petition should have been resolved" differently or that the issues presented deserved further encouragement. Thus, Petitioner has not made the requisite "substantial showing of the denial of a constitutional right," and the Certificate of Appealability is DENIED.

## IV.    Conclusion

Accordingly, after consideration of Petitioner's objections, the court ADOPTS the Report

and Recommendation [#59], and Petitioner's <u>Petition Under 28 U.S.C. § 2254 for Writ of</u> <u>Habeas Corpus by a Person in State Custody</u> [#1] is DENIED. Further, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court hereby DENIES a Certificate of Appealability.

IT IS SO ORDERED.

Date: July 12, 2017

/s/ Indira Talwani
United States District Judge